IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No.: 05-246-02 (RMC) |
| | : |
| v. | : |
| | : |
| DAVID MORA-GIL, | : |
| | : |
| Defendant. | : |
| | : |

OPPOSITION TO MOTION TO SUPPRESS EVIDENCE

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to suppress evidence at the trial. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

    For more than two years, agents of Immigration and Customs Enforcement ("ICE") have been investigating the sale of illegal identity documents in the Adams Morgan area, on Columbia Road, NW, Washington, DC. As part of that investigation, including the surveillance of men who appear to be selling the illegal identity documents, the agents identified Jose Luis Contreras-Macedas as an individual who might have been involved in the sale of illegal identity documents. On May 10, 2005, ICE Special Agent Leeper saw the defendants, David Mora-Gil and Jose Luis Contreras-Macedas, as they sat with a third individual in a restaurant in the 1700 block of Columbia Road. The

agents had already determined that illegal document vendors hang out in the restaurant and sometimes sell illegal documents to customers while they are inside the restaurant.

Agent Leeper believed he recognized the third individual as a person who sold illegal identity documents (although he later discovered the third individual was someone else). The third individual left the restaurant and when he noticed a law enforcement officer approaching him on the street, the third individual ran away.

Agent Leeper and another agent entered the restaurant and approached Mora-Gil and Contreras-Macedas who were seated at a table, where they had been sitting with the third individual. Agent Leeper engaged the men in a conversation by immediately identifying himself as an ICE agent, and then asking the men whether they were in the U.S. legally or illegally. Each defendant responded that he was illegal. The agent then asked the men their county of citizenship, and they said Mexico. The defendants also admitted that they did not have any immigration papers. Agent Leeper and the other agent then patted down the defendants to determine whether they had weapons, which they did not, and they were placed under arrest. The defendants were taken to the Third District Police Station where a more thorough search was conducted. It was at that time that the agents discovered that the defendants had various illegal identity documents in their pockets and wallets, including the illegal social security cards they are charged with possessing. In particular, defendant Mora-Gil was in possession of a false Permanent Resident card in his name, and a fraudulent Social Security card, also

in his name, as well as several manila envelopes containing photographs of different persons and other false documents bearing different photos and names.

There is no reason to suppress the evidence discovered in this case. First, the agents did not "seize" Mora-Gil or Contreras-Macedas, within the meaning of the Fourth Amendment, when they approached the defendants and Agent Leeper asked them a question. As the Supreme Court explained in <u>Florida v. Bostick</u>, 111 S.Ct. 2382, 2386 (1991)(citation omitted): "Our cases make it clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free 'to disregard the police and go about his business,' . . . the encounter is consensual and no reasonable suspicion is required." In this case, Agent Leeper did not do anything to convey the message that the defendants could not ignore his question or leave the restaurant without answering. Therefore, the initial question and answer occurred during a brief, consensual encounter. The fact that most people respond to a police request without being told they can ignore that request "hardly eliminates the consensual nature of the response." <u>Immigration and Naturalization Service v. Delgado</u>, 104 S.Ct. 1758, 1762 (1984).

Immediately in response to Agent Leeper's question, Mora-Gil told the agent that he was in the country illegal, thereby giving the agent a basis for detaining him. The same is true of Contreras-Macedas. Thus, to the extent that a seizure and arrest occurred later during the encounter, it was justified by the defendants' admissions that

they were violating federal law by being present in this country.

Contrary to Mora-Gil's contention, no articulable suspicion was necessary before the agents approached the defendants. This case is not governed by <u>Orhorhaghe v. Immigration and Naturalization Service</u>, 38 F.3d 488 (9th Cir. 1994), as Mora-Gil suggests, but rather, by <u>Immigration and Naturalization Service v. Delgado</u>, <u>supra</u>. In that case, the Supreme Court ruled that INS agents did not need seize individuals, and therefore did not require articulable suspicion, while questioning them about their citizenship, so long as the encounters were not so intimidating as to suggest that the individuals were not free to leave or ignore the questioning. <u>Immigration and Naturalization Service v. Delgado</u>, 104 S.Ct. at 1763.[1]

Once defendant Mora-Gil was arrested and taken to the police station, the agents discovered that he had illegal documents in his possession. The discovery of these documents occurred during a lawful search incident to arrest, and there is no reason to suppress those items of evidence at trial. <u>See</u> <u>U.S. v. Holmes</u>, 385 F.3d 786, 791 (D.C. Cir. 2004).

---

[1] The government believes that with respect to Contreras-Macedas, the agents did in fact have articulable suspicion to question him about criminal activity and his citizenship since they had seen him before this encounter engaging in activities consistent with selling illegal identity documents.

Accordingly, the Court should deny the motion to suppress evidence.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. #451058

By: _____
        FREDERICK W. YETTE
        Assistant United States Attorney
        D.C. Bar No. #385391
        Transnational/Major Crimes Section
        555 4th Street, N.W., 11th Floor
        Washington, D.C. 20530
        (202) 353-1666
        Frederick.Yette@usdoj.gov