IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.:  05-246 (RMC) |
| : | |
| v. : | |
| : | |
| DAVID MORA-GIL, : | |
| JOSE CONTRERAS-MACEDAS, : | |
| : | |
| Defendants. : | |

OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 48(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' motion to dismiss the indictment. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

The defendants were arrested by agents of U.S. Immigration and Customs Enforcement ("ICE"), on May 10, 2005, after agents determined that they were present in the U.S. illegally. Both defendants are illegal aliens from Mexico. During searches that occurred after their administrative arrests for being present in this country illegally, agents discovered that the each of the defendants was in possession of at least one illegal identity document. On May 10th, both defendants were placed in administrative removal proceedings by ICE.

While the defendants were still pending removal from the U.S., ICE agents presented the U.S. Attorney's Office with evidence that the defendants were in possession of illegal identity documents. On June 28, 2005, a grand jury returned an indictment against the defendants, charging

them with Possession of Fraudulent Documents, in violation of 18 U.S.C. § 1546(a), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). On June 28th, a warrant was issued for each defendants' arrest. ICE did not take the defendants off of their list for removal until after ICE received arrest warrants for the defendants, which was on or about June 28th. The arrest warrants were executed on July 13, 2005, and the defendants were arraigned before Magistrate Robinson on July 14, 2005.

The defendants contend that this case should be dismissed because there was unnecessary delay in presenting charges to a grand jury. Essentially, this boils down to an argument that the government should have obtained the indictment within 30 days of their arrests, which occurred on May 10, 2005.[1] This argument fails, however, because the defendants were initially arrested by ICE for administrative reasons – that is, their presence in the U.S. illegally – not because they had violated any criminal laws.

The courts have recognized that "detentions [by ICE] preceding deportation are civil in nature and do not trigger rights under the Speedy Trial Act." U.S. v. Drummond, 240 F.3d 1333, 1335 ((11th Cir. 2001); see also U.S. v. Garcia-Martinez, 254 F.3d 16, 20 (1st Cir. 2001). Thus, the general rule is that when ICE makes a civil or administrative arrest of an individual so that he may be removed from the U.S., the Speedy Trial Act's 30-day rule for indictment on criminal charges is not triggered. However, there is an exception to this rule. The Court in Drummond explained that exception:

> While routine [ICE] detentions incident to deportation will not trigger the

---

[1] The Speedy Trial Act requires that any "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3162(b).

> Speedy Trial Act, a contrary result may be warranted when deportations are used by the government as 'mere ruses to detain a defendant for later criminal prosecution.' . . . To invoke this exception, however, we have placed the burden on the detainee to establish that the 'primary or exclusive purpose of the civil detention was to hold him for future prosecution.'

Drummond, 240 F.3d at 1336 (citing U.S. v. Noel, 231 F.3d 833, 836 (11th Cir. 2000) and U.S. v. Cepeda-Luna, 989 F.3d 353, 357 (9th Cir. 1993)).

In this case, defendants Mora-Gil and Contreras-Macedas were arrested because they were in the United States illegally, and they were placed in administrative proceedings to be deported. The defendants cannot meet their burden of demonstrating that the primary or exclusive purpose of their arrests was to detain them for criminal prosecution. Indeed, they have not even made that claim, and if they had, there would be no validity to such a claim.

As a hearing on this issue will establish, ICE took the defendants off the list to be deported only after the government obtained the indictment and warrants were issued for the defendants' arrests on criminal charges. In other words, the defendants remained eligible for removal while the government investigated criminal charges, and they could have been removed before the indictments were returned. There was no effort to delay the defendants' removal in order to give the government time to charge them with criminal offenses. The reason for their detention, *i.e.*, administrative removal from the U.S., did not change until an indictment was actually returned and arrest warrants were issued. The defendants cannot demonstrate that, after their arrests and prior to their indictment, they were being detained for any reason other than administrative removal. Accordingly, the Court should deny the motion to dismiss the indictment.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. #451058


By: _____
FREDERICK W. YETTE
Assistant United States Attorney
D.C. Bar No. #385391
Transnational/Major Crimes Section
555 4th Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 353-1666
Frederick.Yette@usdoj.gov