**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. Case No. 05-246-02 (RMC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DAVID MORA-GIL,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

**OPPOSITION TO DEFENDANT MORA-GIL'S
MOTION TO DISMISS AGGRAVATED IDENTITY THEFT COUNTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Dismiss Aggravated Identity Theft Counts. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.[1]

Defendants Mora-Gil, Contreras-Macedas, Franciso and Lopez-Vargas have been charged with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), because they possessed at least one illegal identity document, such as a fake social security card or employment authorization card. The defendants contend that the Aggravated Identity Theft counts should be dismissed because the government cannot prove that the defendants knowingly stole identification numbers that belonged to someone else. The government contends that such proof is unnecessary because the statute requires only that the government proves, in these cases, that the defendants knowingly possessed fraudulent identity documents which contained identification numbers that belonged to

---

[1]The government has previously filed an "Opposition to Defense Motion to Dismiss Counts Charging Aggravated Identity Theft for Lack of Evidence." We rely on the arguments made in that pleading, as well as the arguments in this opposition.

real people, even if the defendants did not know the identification numbers were real.

The government's primary legal support for it's position is U.S. v. Montejo, 353 F. Supp. 2d 643 (E.D. Va. 2005), affirmed 2006 WL 785060 (4th Cir. Mar. 29, 2006). In that case, the Court of Appeals agreed with the District Court Judge that the defendant could be convicted of Aggravated Identity Theft for knowingly possessing a fake social security card and resident alien card, even though there was no proof that he knew the identification numbers on those cards belonged to real people. In reaching its conclusion, the Court considered the "statutory language and structure and the legislative history and purpose of the statute." Montejo, 2006 WL 785060 at *2.

The Court emphasized that the plain language of the statute,[2] and the ordinary rules of grammar, dictate the conclusion that the government need prove only that the defendant knowingly possessed a fake identification document, and not that the defendant also knew that the fake document contained a number that belonged to a real person. The Court said:

> We think that, as a matter of common usage, 'knowingly' does not modify the entire lengthy predicate that follows it. Simply placing 'knowingly' at the start of this long predicate does not transform it into a modifier of all the words that follow. Good usage requires that the limiting modifier, the adverb 'knowingly,' be as close as possible to the words which it modifies, here, 'transfers, possesses, or uses.' (Citation omitted.)

Id. at *3. The Court cited U.S. v. Cook, 76 F.3d 596 (4th Cir.), cert denied, 519 U.S. 939 (1996), in

---

[2]    The language of § 1028A(a)(1) states:

Whoever, during and in relation to any felony violation enumerated in subsection (c), *knowingly transfers, possesses, or uses*, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years. (Emphasis added.)

support of it's ruling.  The <u>Cook</u> case involved a different statute, 21 U.S.C. § 861(a)(3), which prohibited "knowingly and intentionally . . .receiv[ing] a controlled substance from a person under 18 years of age."  The Court explained that, in accordance with the ordinary rules of grammar, the statute meant that someone could be convicted under the statute if he "knowingly" received a controlled substance even if he did not "know" the person transferring the controlled substance was under 18.  The Court recognized that the Aggravated Identity Theft statute "is not grammatically distinguishable from that in <u>Cook</u>."  <u>Montejo</u>, 2006 WL 785060 at *3.

The defendant argues that this Court should ignore the plain meaning of the statute because <u>U.S. v. Nofziger</u>, 878 F.2d 442 (D.C. Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 1003 (1989), gives the Court permission to do so.  Even if the defendants' proposed reading of the statute were permitted by <u>Nofziger</u>, it is not required[3] – especially in light of the legislative history of the Aggravated Identity Theft offense.  As  the Court in <u>Montejo</u> said:

> We agree with the government's construction of the statute, that the
> defendant need not be aware of the actual assignment of the numbers
> to an individual to have violated the statute.  We are supported in our
> reasoning by the legislative history of the statute . . . . That legislative
> history shows that Congress was concerned with aggravated identity

---

[3]In <u>Nofziger</u>, the Court declared that a section of the Ethics in Government Act, 18 U.S.C. § 207(c) was ambiguous, and therefore the rule of lenity (an ambiguous statute should result in leniency toward the defendant) required that the government prove that the defendant had "knowledge of the facts that made his conduct criminal."  <u>Nofziger</u>, 878 F.2d at 454.  The <u>Nofziger</u> case need not control this Court's decision since a completely different statute is at issue.  Moreover, in the government's view, Judge Edwards was correct when he wrote in his dissenting opinion in <u>Nofziger</u> that the "majority has labored mightily to find an ambiguity in section 207(c) of the Ethics in Government Act," <u>Id</u>. at 455, and that "[w]ith only a blithe invocation of the rule of lenity, the majority disregards the clear terms of the statute and ignores the clear expressions of congressional intent."  <u>Id</u>.  In the government's view, the Aggravated Identity Theft statute is unambiguous, and, indeed, the <u>Montejo</u> Court declined to apply the rule of lenity, as requested by Montejo.  <u>Montejo</u>, 2006 WL 785060 at *4 ("We are also of the opinion that the statute is not ambiguous, so the rule of lenity does not apply.")

theft, exactly what was charged in the indictment in this case. Montejo stole the identity of two entirely innocent people, the holder of the alien identity number, and the holder of the Social Security number.

Montejo, 2006 WL 785060 at *4.[4]

The legislative history of the Identity Theft Penalty Enhancement Act, H.R. No. 108-528 (June 8, 2004), states that 18 U.S.C. § 1028A was added in large part to increase the penalty for the crime of identity theft: "[t]his section amends Title 18 to provide for a mandatory consecutive penalty enhancement of 2 years for any individual who knowingly transfers, possesses, or uses the means of identification of another person in order to commit a serious Federal predicate offense ( . . . including immigration violations, false citizenship crimes, firearms offenses and other serious crimes)." H.R. Rep. 108-528, 2004 WL 1260964 (Leg. Hist.) at *10. The substantive discussion in the legislative history concerning Section 1028A is actually brief and relatively unenlightening. However, Congress also amended 18 U.S.C. § 1028(a)(7) at the same time that it enacted Section 1028A. These provisions, *i.e.*, Sections 1028A and 1028(a)(7), are very similar, and the purpose of Section 1028A can be understood by also considering the legislative history related to Section

---

[4]Montejo purchased the fake social security and alien registration cards and there was no evidence that he knew the cards contained a particular individual's identification number. Nevertheless, the Court viewed his possession of those fake identification cards with real identification numbers as evidence that he had "stolen" the identification numbers. The defendants in this case suggest that the statute should not apply to them because they have not knowingly stolen, or committed a "theft" of anyone's means of identification. But, as the Montejo District Court observed, although the statute is labeled "Aggravated Identity Theft," Section 1028A does not use the word "theft" in its text, and the title of a statute cannot limit the plain meaning of the statute's text. Montejo, 353 F.Supp.2d at 654. Put another way, a defendant can violate the Aggravated Identity Theft statute without committing a theft. The crime of "identity theft" takes many forms under the statute, and the unlawful conduct often does not involve the type of stealing the defendants claim is necessary.

1028(a)(7).[5]

In describing the amendments to the existing identity theft law, that is Section 1028(a)(7), the legislative history states:

> This section amends the existing identity theft laws to clarify that possession of the means of identification of another person with intent to commit an unlawful act can constitute a crime. This section will make it easier for prosecutors to convict identity thieves by allowing prosecution for simply possessing false identity documents with the intent to commit a crime.

H.R. Rep. 108-528, 2004 WL 1260964 (Leg. Hist.) at *10.

The defendants in this case are the very "identity thieves" that Congress hoped could be prosecuted more easily under the revised statutes. These defendants possessed false identity documents with the intent to commit another crime – for example, the crime of selling the false identity documents they possessed.

There is no doubt that Congress, by amending Section 1028(a)(7) and by creating Section 1028A, intended to expand the government's ability to prosecute individuals who possess illegal identity documents while committing other crimes. The legislative history describes how certain revisions broaden the reach of Section 1028(a)(7), and explain that the revisions are intended to "provide greater flexibility for the prosecution" so that "prosecutors would have the option of proving that the defendants **either** had the requisite specific intent to commit a particular unlawful

---

[5]Section 1028(a)(7) punishes someone who

> knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law . . . .

5

activity **or** engaged in the prohibited use, transfer, or possession of others' means of identification in connection with that unlawful activity."  H.R. Rep. 108-528, 2004 WL 1260964 (Leg. Hist.) at *11 (emphasis added).

This "either" "or" construction of the statute is a strong signal that Congress meant to enable the prosecution of individuals who simply **possessed** others' means of identification – even if they did not have "the requisite specific intent," in other words the specific intent to steal that identification or the "knowledge" that they had a particular person's means of identification – as long as they possessed that means of identification "in connection with," or "during and in relation" to other unlawful activity.[6]  The "possession" option for prosecution, under either Section 1028(a)(7) or Section 1028A, does not require "knowledge" that the means of identification belongs to a real person because the requisite mens rea is provided by the fact that the defendant is knowingly involved with some other unlawful activity while possessing the means of identification.  "In other words, using a means of identification that is not one's own, regardless of whether it belonged to someone else, is not lawful or constitutionally protected. [The defendant] may not have known that he was using a means of identification that belonged to someone else, but he did know that he was engaged in otherwise unlawful conduct." Montejo, 353 F.Supp. 2d at 650.  Similarly, the defendants in our case knew that they were in possession of fraudulent identity cards, and that such possession was illegal.  That is sufficient mens rea under Section 1028A.

The legislative history makes it clear that Congress wanted to broaden the government's ability to prosecute individuals who simply possessed another person's means of identification in

---

[6]In Section 1028A, the words "during and in relation to any felony violation enumerated in subsection (c)," are the equivalent of the words "in connection with, any unlawful activity that constitutes a violation of Federal law," in Section 1028(a)(7).

connection with, or during and in relation to, some other unlawful activity.  The unlawful activity that Mora-Gil and his codefendants engaged in was the knowing possession of illegal identity documents (which they also intended to sell).  That knowing possession of a fraudulent identity document is a "felony violation enumerated in subsection [1028A(c)(7)]," and therefore constitutes the kind of "unlawful activity" that Congress believed should trigger prosecution under Section 1028A if a real means of identification were involved.  Requiring the government to prove that the defendants also knew the means of identification (that is, the social security number or alien registration number) on the illegal identity document actually belonged to a real person would make it tougher, not easier, to prosecute the defendants.  That would be contrary to the goal Congress expressed in the legislative history: to "make it easier to convict identity thieves. . . ."  H.R. Rep. 108-528, 2004 WL 1260964 (Leg. Hist.) at *10.

Accordingly, the Court should deny the defendants' motion to dismiss the counts charging Aggravated Identity Theft.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No.451 058

By:    _____
FREDERICK W. YETTE
Assistant United States Attorney
D.C. Bar No. #385391
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-1666
Frederick.Yette@usdoj.gov