IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| v. | * | CR. NO. 05-246-02(RMC) |
| | * | |
| | * | |
| **DAVID MORA-GIL** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANTS MOTION TO SUPPRESS EVIDENCE AND STATEMENTS AND REQUEST FOR AN EVIDENTIARY HEARING

Comes now Defendant, David Mora-Gil, by and through his attorney, Joanne Roney Hepworth, and moves this Court for an order suppressing all statements made by the defendant to law enforcement on the date of his "administrative arrest" because they were made involuntarily and/or without required Miranda warnings violating the Fourth, Fifth and/or Sixth Amendments. The defendant further moves the Court to suppress all fruits of the initial seizure of the defendant and/or his "administrative arrest" which were obtained as a result of the initial illegally obtained statements and were a result of a seizure without requisite probable cause. The Defendant requests an evidentiary hearing on this motion.

### RELEVANT FACTS

On May 10, 2005, David Mora-Gil was surrounded by ICE Agents while he was seated in a restaurant with two companions. The Agents had no prior knowledge of Mr. Mora-Gil. While surrounded by the officers Mr. Mora-Gil was interrogated as to whether he had "papers" by the officers. At the time of the questioning the exit to the restaurant was blocked and one of the agents had his hand on the defendants shoulder. Mr. Mora-Gil was not free to leave without answering the officers questions. Mr. Mora-Gil allegedly stated at this time that he had no papers and was illegally in the US.

The defendant was taken into custody based solely on his answers to custodial interrogation. The defendant was frisked and placed in an unmarked police car for transport. Before arriving at the police station, the agents stopped the car and searched the defendant again. During this search items of identification and other documents were allegedly seized from his person.

The defendant was ultimately taken to the ICE office and processed. On the date of his arrest it was noted on his documents that he would be referred for prosecution. He was held for more than two months allegedly awaiting deportation. Instead he was presented in federal court on July 14th, 2005 more than two months after his initial arrest.

## ARGUMENT

Any and all statements allegedly made by Mr. Mora-Gil after he was surrounded by law enforcement must be suppressed, because they were made without prior Miranda warnings and were involuntarily. The government may make no use of a waiver, or any other statement, involuntarily obtained from a defendant in violation of the Fifth Amendment, *Mincey v. Arizona*, 437 U.S. 385, 398 (1977). The government must prove, formal compliance with *Miranda* and that any incriminating statement obtained from the defendant was given voluntarily. *Lego v. Twomey*, 404 U.S. 477, 484 (1972); *Commonwealth v. Mendiola,* 976 F.2d 475 (9th Cir. 1992). A defendant must be properly warned and freely waive as required under *Miranda*, yet ultimately be coerced into making a confession. *United States v. Fouche,* 776 F.2d 138 (9th Cir. 1985). *See also Oregon v. Elstad*, 105 S. Ct. 1285, 1298 (1985) (ultimate test of admissibility is always the entire course of police conduct leading to statement); *Jackson v. Denno*, 378 U.S. 368, 376 (1964).

Involuntary statements are inherently untrustworthy, and their use violates our fundamental sense of decency. *See Spano v. New York*, 360 U.S. 315, 320-21 (1959). A statement is involuntary if the will of the defendant "was overborne in such a way as to render his confession a product of coercion," and thus inadmissible under the Fifth Amendment. *Id.; see also U.S. v. Bautista-Avila,* 6 F.3d 1360, 1364 (9th Cir. 1993) (declaring that "[a] statement is involuntary if it is extracted by any sort of threats or

violence [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence") (internal citations omitted).

A voluntary statement is "'the product of an essentially free and unconstrained choice by its maker.'" *Collazo v. Estelle*, 940 F.2d at 416 (quoting *Culombe v. Connecticut,* 367 U.S. 568, 602 (1961)*). But see United States v. Miller*, 984 F.2d 1028, 1032 (9th Cir. 1993) (confession not coerced, where "nothing in the record indicate[d] [defendant's] decision to confess was anything other than `the product of a rational intellect and a free will'") (internal quotations omitted).

The voluntariness of an otherwise voluntary confession may be negated, however, if the accused lacks the mental capacity to make a knowing and intelligent waiver. *See U.S. v. Frank*, 956 F.2d 872, 876 (9th Cir. 1991) (citing *Moran,* 475 U.S. at 421); *see also United States v. Garibay*, 1 43 F.3d 534, 537-38 (9th Cir. 1998) (defendant with limited English skills and low mental capacity did not validly waive his *Miranda* rights). Courts have looked at many factors to determine whether a *Miranda* waiver was both knowing and intelligent.

The determination of voluntariness of a confession or admission requires consideration of the "totality of circumstances," including personal history, level of educational attainment, and physical condition of the accused, as well as the circumstances in which police officers elicited the statement. *See Crane*,476 U.S. at 691 (evidence that an uneducated teenager was confined in a small, windowless room of a juvenile detention facility for a protracted period of time, that six police officers surrounded him during his interrogation, and that officers denied the defendant requests to contact his mother are relevant to a consideration of the voluntariness of defendant's confession); *Mincey v. Arizona*, 437 U.S. 385, 400 (1978) (ruling that a statement given by appellant was involuntary and inadmissible because the defendant lay in a hospital intensive care unit with "unbearable leg pain," repeatedly expressed his wish not to submit to questioning, and appeared "confused and unable to think clearly" at the time of his interrogation); *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (citing, as circumstances which may affect a determination of voluntariness, the youth of the accused, the level of education or intelligence, the absence of advice to the individual about his constitutional rights, the length of detention, the use of physical force to extract

a confession, and "the repeated and prolonged nature of the questioning"). A person's education, intelligence, and background may also be a factor in discerning if police officers elicited a voluntary statement from the defendant. *See Fulminante*, 499 U.S. at 286 n.2 (finding that confession was coerced, where defendant possessed a below average intelligence and had dropped out of school in the fourth grade).

When law enforcement officers use psychological pressure to break down the will of an accused, all statements elicited thereby are deemed involuntary. *See Spano v. New York*, 360 U.S. 315 (1959). A confession is involuntary whether it occurs by physical intimidation or psychological pressure. *Arizona v. Fulminante*, 111 S.Ct. 1246 (1991); *Townsend v. Sain*, 307 U.S. 293 (1963); *Commonwealth v. Mendiola*, 976 F.2d 475 (9th Cir. 1992). Subtle psychological coercion, either by promises of leniency or indirect threats, may also render a confession involuntary. *United States v. Tingle*, 658 F. 2d 1332, 1335 (9th Cir. 1981); *United States v. Leon Guerrero,* 847 F. 2d 1363 (9th Cir. 1988); *United States v. Wauneka*, 842 F. 2d 1083 (9th Cir. 1988); *United States v. McShane*, 462 F.2d 5 (9th Cir. 1972).

The government bears a continuing burden to demonstrate voluntariness throughout the course of the interrogation leading to the statement, and the inquiry of necessity involves an evidentiary hearing on the issue. *United States v. Batiste*, 868 F. 2d 1089, 1092 n.5 (9th Cir.1989). No single factor is determinative on the issue of voluntariness. Rather, this Court must look to the totality of all the surrounding circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *Mincey,* 437 U.S. at 401. Before the government can use any of Mr. Mora-Gil' statements or the evidence seized as fruits thereof as evidence, it must establish that they were taken in accord with the above legal principles.

All fruits of the illegality must also be suppressed. Therefore the evidence allegedly seized from the defendants person after his arrest cannot be used as evidence against him at trial.

## CONCLUSION

For all the foregoing reasons, Defendant Mora-Gil respectfully requests an evidentiary hearing on this Motion after which he asks that this Court grant his motion to suppress.

Respectfully submitted,

_____
JOANNE RONEY HEPWORTH
DC Bar No. 339226
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC  20004
(202)789-0037
Fax 301-320-0867

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties by ECF on this 18th day of August, 2006.

_____
Joanne R. Hepworth