**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 05-246 (RMC)** |
| | ) | |
| **JOSE LUIS CONTRERAS-MACEDAS,** | ) | |
| **DAVID MORA-GIL, and PELES** | ) | |
| **FRANCISCO,** | ) | |
| | ) | |
| Defendants. | ) | |

**STANDING ORDER FOR JOINT PRETRIAL STATEMENT**[1]

To administer this case in a manner consistent with the highest quality of justice, it
is **ORDERED** that, seven calendar days prior to the commencement of trial, the parties file with the
Court a Joint Pretrial Statement that meets the criteria set forth below. Non-conforming submissions
will not be accepted. The Joint Pretrial Statement shall include:

A.   a neutral statement of the case for the Court to read to prospective jurors;

B.   proposed *voir dire* questions. Standard *voir dire* questions are attached as
Appendix I. Counsel are to indicate:

1.   the *voir dire* questions on which the parties agree; and

2.   the *voir dire* questions on which the parties disagree, with specific objections
noted below each disputed question;

3.   additional proposed questions, with any objections noted below the disputed
questions;

---

[1] Effective November 3, 2003 for all criminal cases.

C.    <u>a list of proposed jury instructions</u>, followed by the text of each proposed instruction,

that indicates:

1.    the instructions on which the parties agree;

2.    the instructions on which the parties disagree, with specific objections noted

below each disputed instruction; and the proposed instruction's source (*e.g.*,

the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified

or new instructions, supporting legal authority (*e.g.*, *United States v. Taylor*,

997 F.2d 1551, 1555-56 (D.C. Cir. 1993));

Proposed instructions may be updated the first day of trial or as needed to reflect the

evidence presented at trial.  Absent a showing of good cause, no other modifications

will be permitted.

D.    <u>a list of expert witnesses</u>, accompanied by a brief description of each witness's area

of expertise and expected testimony, followed by specific objections (if any) to each

witness;

E.    <u>any motions in limine</u>, with citations to legal authority, that the parties reasonably

anticipate will arise at trial, accompanied by any oppositions and replies thereto;

F.    <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends

to offer during trial (except that if the total number of pages exceeds 25, the exhibits

should be submitted in a separate binder);

G.    <u>any stipulations</u>, signed by counsel and the defendant(s); and

H.    <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that

includes a date and signature line for the jury foreperson.

2

The parties must submit to chambers both a printed and an electronic (computer disk) copy of the Joint Pretrial Statement, preferably in WordPerfect format.  The jury instructions section should be formatted so that each individual jury instruction begins on a new page.  Finally, the printed copy should be three-hole punched, with each of the eight sections separated by labeled tab dividers.

*Failure to comply with this Order will be deemed a waiver of all objections to matters covered by this Order.*

**SO ORDERED**.

Date: August 23, 2006                                        /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge

APPENDIX I

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal Action No. 05-246 (RMC)** |
| ) | |
| **JOSE LUIS CONTRERAS-MACEDAS,** ) | |
| **DAVID MORA-GIL, and PELES** ) | |
| **FRANCISCO,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PROPOSED *VOIR DIRE***

Ladies and gentlemen, I am Judge Rosemary M. Collyer, and you have been called to this Courtroom for possible selection as jurors in a case entitled ***United States v. Jose Luis Contreras-Macedas, David Mora-Gil, and Peles Francisco (also known as Zigzag, Aldebaran Rodriguez Guzman, or Pinguino)***. These men are charged with the sale and possession of fraudulent immigration documents and aggravated identity theft. They are also charged with conspiracy to commit these offenses and aiding and abetting commission of these offenses.

The process of jury selection is called the *voir dire* process, and its object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During the *voir dire* process, you will be introduced to all of the participants in the trial and I will ask you two sets of questions. For the first set of questions, if your answer to any

1

APPENDIX I

question is "yes," please raise your hand and I will call on you to discuss your answer to this question. The second set of questions contains some questions that are more personal. If your answer to any question in this set of questions is "yes," please write the number of the question on the note card you have been given. At the end you will be called up to the bench to discuss your answers to any questions you have listed on the card.

* * * * * * * * * * * * * * * * * * * * * * * * *

**PUBLIC QUESTIONS**

1.    The defendants have been charged in an indictment. An indictment is just the formal way of informing a defendant of the nature of the charges against him. You are not to consider the indictment as any indication of guilt. In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him throughout the trial, unless and until he is proven guilty beyond a reasonable doubt. The burden of proving him guilty beyond a reasonable doubt rests with the government – the prosecutor – and the burden never shifts during the course of a trial; a defendant need not prove his innocence or produce any evidence or testify. Now, those principles of law will underlie the trial of this case. Is there anyone who feels that he or she will be unable to follow those principles of law if selected as a juror in this trial?

2.    If it should come to pass after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law – if you are then persuaded by the trial itself that the defendant is guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty. Is there anyone who feels that he or she would be unable to carry out that duty?

2

APPENDIX I

3.      On the other hand – after you have heard all of the evidence, the arguments of the lawyers, and my instructions in the law – if you then have a reasonable doubt as to the defendant's guilt of the charge, you must vote not guilty.  Is there anyone who feels that he or she could not carry out <u>this</u> responsibility?

This is a criminal trial in which Mr. Jose Luis Contreras-Macedas, Mr. David Mora-Gil, and Mr. Peles Francisco (also known as Zigzag, Aldebaran Rodriguez Guzman, or Pinguino) are charged by indictment with the sale and possession of fraudulent immigration documents and aggravated identity theft.  The indictment also charges them with conspiracy to commit these offenses and aiding and abetting commission of these offenses.  According to the indictment, the defendants sold false identification documents to illegal aliens near the 1600 to 1800 blocks of Columbia Road NW in Washington, D.C.  The indictment also alleges that orders for the false documents were brought to the defendants at 526 Tuckerman Street NW.

4.      Are any of you familiar with the facts of this case?

5.      Do any of you live or work near, or have any special familiarity with, the immediate area where the offense is alleged to have occurred?

6.      The government is represented by Assistant United States Attorney Frederick Walton Yette 555 Fourth Street, NW Washington, DC 20531 (stand).  Do any of you know Mr. Yette in any capacity?

7.      The defendant Jose Luis Contreras-Macedas is represented by Manuel J. Retureta, Esq., of the law firm Retureta & Nassem, PLLC, 601 Pennsylvania Avenue, NW, South Building Suite 900, Washington, DC 20004 (stand).  Do any of you know Mr. Retureta in any

3

**APPENDIX I**

capacity?

8.  The defendant David Mora-Gil is represented by Joanne Roney Hepworth, Esq., of the Law Offices of Joanne Roney Hepworth, 601 Pennsylvania Avenue, NW, Suite 900, Washington, DC 20004 (stand). Do any of you know Ms. Hepworth in any capacity?

9.  The defendant Peles Francisco (also known as Zigzag, Aldebaran Rodriguez Guzman, or Pinguino) is represented by A. Eduardo Balarezo, Esq., of the Law Office of A. Eduardo Balarezo, 400 Fifth Street, NW, Suite 300, Washington, DC 20001 (stand). Do any of you know Mr. Balarezo in any capacity?

10. The defendant's full name is Jose Luis Contreras-Macedas. Do any of you know Mr. Contreras-Macedas in any capacity?

11. The defendant's full name is David Mora-Gil. Do any of you know Mr. Mora-Gil in any capacity?

12. The defendant's full name is Peles Francisco (also known as Zigzag, Aldebaran Rodriguez Guzman, or Pinguino). Do any of you know Mr. Francisco in any capacity?

13. Does any member of the panel know any other member of the panel, for example from work, school, socially, prior jury service, or one's neighborhood?

14. Do any members of the jury speak and/or understand the Spanish language?

15. [*Government's witnesses*] Do any of you know any of the witnesses that have just been introduced to you?

16. [*Defendants' witnesses*] Do any of you know any of the witnesses that have just been introduced to you?

4

**APPENDIX I**

17.     Are you, or is any member of your immediate family, or any close friends either presently or previously employed by any law enforcement agency?  Law enforcement agencies include any police department, in or outside the District, special police officers, prosecutors' offices, U.S. Attorney's Office, D.C. Corporation Counsel, correctional officers, Department of Justice, U.S. Marshal's Service, Sheriff's Departments, Internal Revenue Service, U.S. Secret Service, probation office, parole office, D.C. Superior Court, and the U.S. District Court.

18.     Are you, or any of your relatives or close friends, currently employed by, or were you or any of your relatives or close friends previously employed by, a criminal defense lawyer, or involved in any way in the defense of a criminal case?

19.     Are you, or is any member of your immediate family or close friends either a lawyer or one who studied law in a law school?

20.     Has any member of the jury panel ever served on a Grand Jury?

21.     Has any member of the jury panel ever served as a juror in a criminal case in a federal court, a District of Columbia court, or in a court located in some other state?

22.     Do any of you now belong to, or have you within the past five years belonged to or participated in, any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

**BENCH QUESTIONS**

A.     [*If officers will testify*]  In this case, a police officer will be a witness.  Would any of you be inclined to give greater or lesser weight to a police officer's testimony than that of other

**APPENDIX I**

witnesses simply because s/he is a police officer?

B.    Have any of you, any members of your family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's Office or the Court, that would make it difficult for you to be a fair or impartial juror in this case?

C.    Have any of you, any members of your family, or any close friends been a <u>victim of</u> or a <u>witness to</u> the same or similar type of crime as the crime charged in this case, or has any member of that group been <u>arrested</u>, <u>charged</u> with a crime, or <u>found guilty</u> or gone to jail for the same or a similar type of crime as the one charged in this case?

D.    Have any of you, any members of your family, or any close friends been either a victim of, a witness to, or arrested or convicted of <u>any</u> <u>crime</u> that has so affected you that it could interfere with your ability to be fair and impartial in this case?

E.    [*The following questions will also be asked in firearms cases.*]   This case involves allegations of possession of a firearm and/or ammunition.  Do any of you have strong feelings concerning gun control laws, either favoring or opposing such legislation, or strong feelings concerning a person's alleged possession of firearms or ammunition that would prevent you from keeping an open mind and being fair to both sides?

G.    Do any of you feel that the possession of certain types of firearms should be legalized in the District of Columbia and, therefore, feel that you would be unable to render a fair and impartial verdict?

H.    To reach a verdict, every juror must agree on the verdict.  That is, any verdict must be

6

**APPENDIX I**

unanimous.  In deliberations you must consider the opinions and points of your fellow jurors.
In the final analysis, however, you must follow your own conscience and be personally
satisfied with any verdict.  Would any of you have difficulty expressing your own opinions
and thoughts about this case to your fellow jurors?

I.    I expect this case to take approximately 14 days to try.  Does anyone have any pressing
commitment that would make sitting on this jury a hardship?

J.    Does anyone, due to health problems or medication or the like, feel that he or she cannot sit
on this jury?

K.    Is there any reason that you can think of, whether or not it has been covered by a previous
question, why you could not sit fairly, attentively and impartially in this case?

L.    Do any of you have any religious or moral beliefs that would interfere with being a member
of this jury?