IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No.: 05-246-02 (RMC) |
| : | |
| **v.** : | |
| : | |
| **DAVID MORA-GIL,** : | |
| : | |
| Defendant. : | |
| : | |

**OPPOSITION TO MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to suppress evidence at the trial. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

The defendant's Motion to Suppress Evidence and Statements and Request for an Evidentiary Hearing (Document 89) raises issues that were addressed in an earlier pleading filed by the government, that is, the government's Opposition to Motion to Suppress Evidence (Document 10). Accordingly, the government will rely in large part on that earlier pleading, which describes the factual circumstances of the defendant's arrest and addresses the legal arguments raised in Document 89.

The government would like to bring two additional cases to the Court's attention in support of its position that the agents did not seize the defendant by questioning him. Those cases are U.S. v. Drayton, 122 S.Ct. 2105 (2002)(in light of the totality of the circumstances, defendant was not "seized" on a bus during a drug interdiction interview), and U.S. v. Lewis, 921 F.2d 1294 (D.C. Cir. 1990)(defendant not "seized" during a drug interdiction interview on a bus). Both cases make the

point that the police do not seize a person simply by engaging them in a conversation. A seizure may occur, however, if the officer uses physical force or a show of authority. See Drayton, 122 S.Ct. at 2112; Lewis, 921 F.2d at 1299. In this case, Agent Leeper approached the defendant and identified himself as a Special Agent with U.S. Immigration and Customs Enforcement. He showed his badge and a uniformed officer was also present, but neither individual displayed weapons or used physical force. Agent Leeper then asked the defendant whether he was in the U.S. legally or illegally, and the defendant admitted that he was here illegally. At the time of this admission, there was no reason to believe that the defendant had been seized.

Should the Court determine that a seizure had occurred at the time of the questioning, we contend that Agent Leeper possessed sufficient articulable suspicion to seize and question the defendant.[1] The totality of the circumstances justifying a seizure of defendant Mora-Gil include the following: the defendant was present in an area known for the sale of illegal identity documents, in other words, a "high crime area;" he was in the company of defendant Contreras-Macedas, whom the agents believed they had seen at a different time engaging in the sale of illegal identity documents; almost every individual that Agent Leeper had detained previously for selling illegal identity documents on Columbia Road was an illegal alien; and, only minutes before the encounter with Agent Leeper, Mora-Gil had been in the company of a third individual who fled the restaurant after seeing law enforcement agents approaching.[2] In Illinois v. Wardlow, 120 S.Ct. 673, 676

---

[1] In Document 10, the government indicated on page 4, footnote one, that the agents had articulable suspicion to question Jose Contreras-Macedas, because they had seen him before this encounter engaging in activities consistent with the sale of illegal identity documents. We did not address whether the agents had articulable suspicion to question defendant Mora-Gil.

[2] As noted in Document 10, "Agent Leeper believed he recognized the third individual as
(continued...)

(2000), the Supreme Court observed that "[h]eadlong flight – wherever it occurs – is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." The third man's flight raised the agent's suspicion that he may have been an illegal alien involved in the sale of illegal identity documents. Each of these circumstances weighed in favor of Agent Leeper's common sense judgment that Mora-Gil may have been involved with the sale of illegal identity documents, and thus, an illegal alien in the United States.

In his current motion to suppress, the defendant argues that the agents who conducted the interview blocked the exit to prevent him from leaving the restaurant. To the extent that Agent Leeper did block the exit from the restaurant, that was largely a function of the physical layout of the restaurant and the seating. The restaurant is small and Mora-Gil and Contreras-Macedas were sitting at tables that were right next to the restaurant door. The agent had little choice but to stand at the door and conduct the interview. In Lewis, the Court explained that the physical layout of the location of an interview, in that case, the aisle of a bus, was a factor to consider in determining whether there was a seizure. However, where an exit is blocked because the interview is conducted in a cramped space – such as the aisle of a bus, or here, in a small restaurant – that is not a decisive factor because the constraint was created by the physical layout of the area and not necessarily the action of the police. See Lewis, 921 F.2d at 1298-99.

In short, the government urges the Court to deny the defendant's motion to suppress statements and evidence, first, because the defendant had not been seized at the time he admitted that

---

²(...continued)
a person who sold illegal identity documents (although he later discovered the third individual was someone else)." Document 10, p. 2. The third individual was actually the brother of the person he thought he recognized.

3

he was an illegal alien from Mexico, and second, because even if he had been seized at the time of his admissions, the agents were justified in detaining him in order to question him because they had articulable suspicion that he was involved in illegal activity.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. #451058

By: _____
        FREDERICK W. YETTE
        Assistant United States Attorney
        D.C. Bar No. #385391
        Federal Major Crimes Section
        555 4th Street, N.W., 4th Floor
        Washington, D.C. 20530
        (202) 353-1666
        Frederick.Yette@usdoj.gov